```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :            4:CR-06-0055
     v.                        :
                               :
RICHARD ALLEN HICKS            :            (Judge Muir)
```

**ORDER**

December 8, 2006

  THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

  The majority of this order's background is set forth in our order of October 31, 2006, in which we required the parties to file a brief addressing the issue of whether their jointly recommended sentence of 15 years' incarceration is reasonable in light of the fact that it is 2 years and 6 months below the bottom of the advisory guideline imprisonment range.  We repeat and supplement the background of that prior order to the extent necessary to resolve that issue.

  Defendant Richard Allen Hicks is to be sentenced as a result of pleading guilty on July 31, 2006, to one count of distributing child pornography by means of a computer in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2256(8)(B).  A 15-year mandatory minimum term of imprisonment applies in this case because Hicks was previously convicted of another sexual offense (which involved repeated sexual contact with his stepdaughter beginning when she was 8 years old and continuing until she was 17).

  In connection with Hicks's guilty plea the parties filed a

plea agreement which provides in relevant part that "[t]he parties agree that [a sentence of 15 years' imprisonment] is a reasonable sentence under the facts and circumstances of this case." (Plea Agreement, p. 6, ¶13)  That same paragraph of the plea agreement further states that

> [i]f at sentencing the court fails to accept the ... stipulations of the parties, or imposes a sentence greater than that agreed to by the parties ..., then the defendant has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement.

(Id.)  Paragraph 20 of the plea agreement states the following; "The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendation made by the parties, ...." (Id., p. 10, ¶20)  That point was further underscored during the guilty plea colloquy, when we advised Hicks that the "court is not obliged to accept any recommendation or bargain reached by the parties," and that he

> might, on the basis of [his] guilty plea, receive a more severe sentence than that which is requested or recommended by [his] counsel, government counsel, the probation officer, or all of them[.]

(Guilty Plea Colloquy, pp. 6, 11)

On October 26, 2006, United States Probation Officer Eric W. Noll provided us with Hicks's pre-sentence report and an addendum.  Probation Officer Noll determined Hicks's advisory guideline imprisonment range to be 17 years and 6 months to 21 years and 10 months, and no party objects to that calculation. Probation Officer Noll is concerned that imposing a 15-year term

of imprisonment completely disregards Hicks's prior serious sexual offense.

At the presentence conference held on October 30, 2006, we questioned whether justifiable reasons exist in this case to impose a sentence which is 2 years and 6 months under the low end of the advisory guideline imprisonment range. As we noted in our order of October 31, 2006,

> [i]n the case of a plea agreement that includes a specific sentence (Rule 11(c)(1)(C)), the court may accept the agreement if the court is satisfied ... that ... the agreed sentence departs from the applicable guideline range for justifiable reasons.

(U.S.S.G. § 6B1.2(c)(2)(A))

When we accepted the plea agreement we were not aware that the parties' recommended sentence of 15 years was below the advisory guideline imprisonment range. We were advised by the Probation Officer at the guilty plea hearing that the tentative advisory guideline imprisonment range was 121 months to 151 months, in the absence of the mandatory minimum 15-year sentence. Counsel for the government and the Defendant were of the view that the advisory guideline imprisonment term was 15 years.

On October 31, 2006, we issued the order requiring the parties to file a joint brief on whether their agreed upon sentence was reasonable. Their brief was timely filed on November 29, 2006. In it the parties contend that their suggested sentence of 15 years is reasonable for four reasons.

The first reason is that as a result of the conduct at issue in this case, which involves Hicks's transmission of child pornography to a person he believed to be a 14 year old girl via a computer when he was in Tennessee, investigators discovered approximately 36,000 images of child pornography on Hicks's computer. That discovery subjects Hicks, who is 52 years of age, to a separate prosecution for the possession of those images. The parties represent that "[s]hould charges be filed against Hicks in Tennessee, he will be facing an additional mandatory minimum sentence of 15 years." (Joint Brief, p. 6)(Emphasis added)

Apparently no additional charges have been filed against Hicks. We will not base our sentence upon one possible set of anticipated circumstances which may or may not ultimately occur. This factor does not weigh in favor of imposing the parties' suggested sentence.

The second reason cited by the parties is the fact that, in the plea agreement, Hicks has waived his right to appeal in this case. Such a waiver is becoming less uncommon. It is beneficial in that it conserves the government's resources. We are fully aware that before we could imposed a sentence greater than 15 years' imprisonment we would be required to allow Hicks an opportunity to revoke the plea agreement. Such revocation would deprive the government the benefit of the waiver of Hicks's

appeal rights.

We are of the view that the ends of justice served by imposing an appropriate sentence outweigh the countervailing considerations advanced by the parties in this case.  The loss of the waiver at issue is not sufficiently significant to disregard the multitude of factors indicating that a sentence more severe than that recommended by the parties should probably be imposed.

The third factor cited by the parties is the Defendant's age.  The parties contend that since Hicks is now 52 years old a "sentence of 15 years will take him to his mid to late 60s," even if good time credit is considered. (Joint Brief, p. 7)  We do not view Hicks's age as a significant factor in this case.

The fourth and final reason advanced by the parties is that Hicks has agreed to "a lifetime term of supervised release." (Id., p. 8)  A lifetime term of supervised release may be imposed even where a defendant does not agree to it.

The parties have not convinced us that justifiable reasons exist to impose a sentence which departs from the applicable guideline range.  In light of our rejection of the parties' joint sentence recommendation, we will provide the Defendant an opportunity to revoke the plea agreement.  In the absence of such revocation, the parties will proceed to sentencing clearly

apprized that the their sentencing recommendation will in all probability not be accepted.

NOW, THEREFORE, IT IS ORDERED THAT:

The Defendant may, within 30 days after the date of this order, revoke the plea agreement by filing an election to that effect.

s/Malcolm Muir<br>
MUIR, U.S. District Judge

MM:gja