UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :          4:CR-06-0055
          v.                      :
                                  :
RICHARD ALLEN HICKS               :          (Judge Muir)

**ORDER**

January 5, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On July 19, 2006, the parties filed a plea agreement in which they stipulated that 15 years' incarceration and a lifetime on supervised release "is a reasonable sentence under the facts and circumstances of this case." (Plea Agreement, p. 6, ¶13)  The advisory guideline imprisonment range set forth in Hicks's presentence report is 17 years and 5 months to 21 years and 10 months.

The advisory guideline imprisonment range, in conjunction with the fact that Hicks committed a serious prior sexual offense involving a minor, prompted us, on October 31, 2006, to issue an order requiring the parties to file a brief addressing the issue of whether the sentence to which they have stipulated in the plea agreement (15 years' incarceration) is reasonable.  After considering the brief jointly filed by the parties on November 29, 2006, by order dated December 8, 2006, we advised the parties that we would not accept their stipulation regarding the sentence to be imposed and we allowed Defendant Richard Allen Hicks 30

days from the date of the order to withdraw his guilty plea.

On December 20, 2006, Hicks filed a motion for reconsideration of the December 8, 2006, order.  Because the government concurs in the motion no briefs have been filed in connection with the motion and it is ripe for disposition.

We first set forth the legal principles governing motions for reconsideration, beginning with the well-settled doctrine of 'law of the case.'  It is important to note the manner in which a court's reconsideration of a prior decision meshes with that doctrine.

The 'law of the case' doctrine "directs [a federal court's] exercise of its discretion." Public Interest Research Group of New Jersey, Inc., et al. v. Magnesium Elektron, Inc., 123 F.3d 111, 113 (3d Cir. 1997).  When the United States Supreme Court considered how a motion for reconsideration affects the scope and nature of that discretion, it commented that

> [a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous <u>and</u> would work a manifest injustice.'

Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 2178 (1988)(Emphasis added).

The Supreme Court's guidance in <u>Christianson</u> is reflected in the repeated holding of the Court of Appeals for the Third Circuit that

2

we have recognized that the doctrine [of law of the case]
does not preclude our reconsideration of previously decided
issues in extraordinary circumstances such as where: (1) new
evidence is available; (2) a supervening new law has been
announced; or (3) the earlier decision was clearly erroneous
<u>and</u> would create manifest injustice.

In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir.
1998)(Emphasis added); <u>See also</u> Public Interest Research Group of
New Jersey, Inc., 123 F.3d at 117-118.  A demonstration of
extraordinary circumstances as outlined in those cases is a
threshold prerequisite for obtaining reconsideration of a court's
prior decision.

Numerous other cases discuss the events and conditions which
do <u>not</u> constitute extraordinary circumstances justifying a
court's reconsideration of a prior decision.  "A motion for
reconsideration is not properly grounded on a request that a
court should rethink a decision it has already made." Armstrong
v. Reisman, No. 99-CV-4188, 2000 WL 288243, *2 (E.D. Pa. March 7,
2000)(Brody, J.).  The standard applied to a motion for
reconsideration in a criminal case is the same as that applied to
such a motion made in a civil case. <u>See</u> United States v. Herrold,
962 F.2d 1131, 1136 (3d Cir. 1992).

The cases cited above demonstrate that a motion for
reconsideration is a device of limited utility.  Its fundamental
purpose is to remedy manifest errors of law or fact or to present
newly discovered precedent or evidence which, if discovered
previously, might have affected the court's decision. Harsco,

3

*supra*.  A party seeking to establish that the court has made such a manifest error is required "to persuade us not only that our prior decision was wrong, but that it was clearly wrong and that adherence to that decision would create manifest injustice." In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998).  We will apply those concepts to Hicks's pending motion for reconsideration of our order dated December 8, 2006.

We next review the legal concepts controlling the motion's substantive merits.  The Court of Appeals for the Third Circuit has long held that "[a]lthough a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law principles." United States v. Isaac, 141 F.3d 477, 481 (3d Cir. 1998)(quoting United States v. Moschlaidis, 868 F.2d 1357, 1361 (3d Cir.1989)); see also United States v. Hodge, 412 F.3d 479, 485 (3d Cir. 2005)(noting that a court is to "apply contract law standards to plea agreements [and that] a 'rigidly literal' interpretive approach is not allowed.").  Especially significant in this case is the principle that "[u]nder contract law, the court must read [a defendant's] plea bargain in a manner that gives meaning to each provision." United States v. Floyd, 428 F.3d 513, 516 (3d Cir. 2005).

Federal Rule of Criminal Procedure 11(c) is entitled "Plea Agreement Procedure," and it provides in one relevant part as follows:

4

> If the defendant pleads guilty ... to ... a charged offense
> ..., the plea agreement may specify that an attorney for the
> government will ... agree that a specific sentence or
> sentencing range is the appropriate disposition of the case,
> or that a particular provision of the sentencing Guidelines,
> or policy statement, or sentencing factor does or does not
> apply (such a recommendation or request binds the court once
> the court accepts the plea agreement).

Fed.R.Crim.P. 11(c)(1)(C).  Another portion of Rule 11 states

that

> [i]f the court accepts the plea agreement, it must inform
> the defendant that to the extent the plea agreement is of
> the type specified in Rule 11(c)(A) or (C), the agreed
> disposition will be included in the judgment.

Fed.R.Crim.P. 11(c)(4).

We will apply the legal principles set forth above to the

circumstances of this case.  Our consideration of the material

facts begins with the plea agreement filed on July 19, 2006.

Paragraph 13 of the agreement is entitled "Rule 11(c)(1)(C)

Binding Agreement," and it states the following:

> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of
> Criminal Procedure, the government and the defendant
> stipulate and agree to the following regarding the
> defendant's offense level, criminal history category, and
> sentence:
> **The defendant by virtue of having a prior qualifying
> offense under 18 U.S.C. § 2252A(b)(1) will be sentenced to
> the mandatory minimum of 15 years' imprisonment, be subject
> to a lifetime on supervised release, pay a fine as set by
> the court, pay the costs of prosecution if ordered by the
> court, and pay a special assessment in the amount of $100.**
> The parties agree that this sentence is a reasonable
> sentence under the facts and circumstances of this case.
> <u>If at sentencing the court fails to accept the above
> stipulations of the parties, or imposes a sentence greater
> than that agreed to as set forth in the second paragraph
> above by the parties, then the defendant has the right to
> withdraw from this agreement and withdraw any guilty plea</u>

<u>entered pursuant to this agreement</u>.
(Plea Agreement, pp. 5-6, ¶13)(Bold in original; underlining added)  It is important to note that the 15 year mandatory minimum applies in this case because Hicks was previously convicted of sexually abusing a child (his stepdaughter) from when she was 8 years old until she was "about 17." (Presentence Report, p. 7, ¶35)

Paragraph 20 of the plea agreement provides that "[t]he defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendation made by the parties, ...." (Id., p. 10, ¶20)

On July 31, 2006, pursuant to the plea agreement, Hicks entered a plea of guilty to the sole count set forth in the indictment.  During the guilty plea hearing and on the basis of the prior criminal history known to the Probation Officer, that official tentatively calculated Hicks's advisory guideline imprisonment range to be 10 years and 1 month to 12 years and 7 months, with the mandatory minimum of 15 years overriding that calculation.  Government counsel and Hicks's counsel stated that they also concluded that a sentence of 15 years' incarceration was Hicks's advisory guideline imprisonment term.

The 15-year sentence proposed by the parties is referenced in the plea agreement itself as a "stipulation" and it was discussed in detail during the guilty plea colloquy.  During that

6

proceeding we referred to the sentencing proposal in the plea
agreement as a stipulation, as opposed to a recommendation.

In the course of accepting Hicks's plea of guilty, we stated
that Hicks would not have the right to withdraw his guilty plea
"[i]f the Court does not follow the <u>recommendations</u> of the United
States attorney, [his] attorney, the probation officer, or all of
them as to the sentence to be imposed." (Transcript of Guilty
Plea Proceeding, p. 26)(Emphasis added)  In response to Hicks's
objection to that statement, we clarified that "if we don't
follow the <u>stipulation</u> to which you previously agreed and which
is fully set forth in this agreement, then" Hicks would be
entitled to withdraw his guilty plea. (Id., pp. 27-28)(Emphasis
added)  The final understanding expressed by Hicks's counsel was
that "the defendant reserves the right to withdraw his guilty
plea if the Court does not accept the stipulation that he be
sentenced to serve 15 years." (Id., p. 28)

At a later point in the guilty plea proceeding we stated
that "[t]he Court accepts the plea agreement.  We reserve the
right to impose any lawful sentence which we deem advisable."
(Id., p. 44)  Neither party objected to that statement in any
manner.

Hicks now argues in his pending motion for reconsideration
that the court is required to impose the 15-year sentence to
which the parties have stipulated because the plea agreement in

this case is of the type discussed in Federal Rule of Criminal

Procedure 11(c)(1)(C).  According to Hicks,

> [i]n accordance with Federal Rule of Criminal Procedure
> 11(c)(1)(C), once this Honorable Court accepted the Plea
> Agreement, the Court was obligated to impose the sentence
> set forth in paragraph 13 of the Plea Agreement: 15 years.

(Motion for Reconsideration, p. 4, ¶12)  Hicks further contends

that "this Honorable Court clearly accepted the [plea]

agreement," we do not have the "power to revisit acceptance of a

plea agreement because at a later date the Court has second

thoughts about an agreement it has already accepted," and that

"[t]he only lawful sentence under the accepted Plea Agreement is

15 years." (Motion for Reconsideration, ¶¶11, 25, 22)  For the

reasons detailed below, none of those contentions is correct.

Our analysis begins with Hicks's assertion that we "<u>clearly</u>

accepted the plea agreement." (Id., ¶25)(Emphasis added)  We

interpret that statement to mean that we clearly accepted the

<u>entire</u> plea agreement, including the parties' stipulation

regarding the sentence to be imposed.  As provided in federal

Rule of Criminal Procedure Rule 11(c)(4),

> [i]f the court accepts the plea agreement, it must inform
> the defendant that to the extent the plea agreement is of
> the type specified in Rule 11(c)(A) or (C), the agreed
> disposition will be included in the judgment.

Fed.R.Crim.P. 11(c)(4).  We not only declined to inform Hicks

that the stipulated sentence would be imposed, we expressly

reserved the "the right to impose any lawful sentence which we

deem advisable." (Transcript of Guilty Plea Proceeding, p. 44)

In addition, the plea agreement explicitly provides that Hicks retained "the right to withdraw from [the plea] agreement and withdraw any guilty plea entered pursuant to [that] agreement" if we "impose[d] a sentence greater than that agreed to by the parties ...." (Plea Agreement, ¶13)  That language clearly reflects Hicks's awareness and contemplation of the possibility that we could impose a sentence of incarceration greater than 15 years.  One may conclude otherwise only if that provision were entirely disregarded.  The use of that language, coupled with our responsibility to give effect to every provision of the parties' contract, leads us to conclude that even if we "clearly" accepted the <u>entire</u> plea agreement, we retained the ability to impose any lawful sentence including a sentence greater than that to which the parties stipulated.

The transcript of the guilty plea colloquy supports that conclusion.  During that proceeding we accepted the guilty plea with the understanding that Hicks could withdraw his plea if we imposed a sentence of greater than 15 years, and we reserved the right to impose any lawful sentence which we deemed advisable. The possibility that the court would not accept the parties' stipulated sentence was discussed as a distinctly possible development in this case.  In light of the totality of the circumstances in this case, Hicks's assertion that we "clearly"

9

accepted the parties' stipulated sentence is untenable.

Hicks next contends that we lack the "power to revisit acceptance of a plea agreement because at a later date the Court has second thoughts about an agreement it has already accepted." This contention is refuted by the authority cited by Hicks himself.  The primary case relied upon by Hicks to support his statement is <u>United States v. Bernard</u>, 373 F.3d 339, 345 (3d Cir. 2004).  In footnote seven (which is on the page of the decision specifically cited by Hicks), the Court of Appeals for the Third Circuit stated the following:

> <u>If the provisions of a plea agreement are accepted by a court, but later found to be invalid, the proper remedy is not to impose a sentence in violation of the plea agreement, but to allow the defendant to withdraw the guilty plea and either negotiate a new agreement, or proceed to trial</u>. *See United States v. Barnes,* 83 F.3d 934, 941 (7th Cir.1996)("If we rule that some provision of the plea agreement is invalid, we must discard the entire agreement and require [the defendant] and the government to begin their bargaining over again."); *Mukai,* 26 F.3d at 956 ("<u>[I]f the court later finds the disposition in the plea agreement objectionable it should not reduce the sentence unilaterally in such cases, but rather should withdraw its acceptance of the plea agreement</u>")(internal quotation marks and citation omitted); *see also Gilchrist,* 130 F.3d at 1134 (holding that if a plea agreement is breached, the district court may either grant specific performance or allow the defendant to withdraw the plea).

United States v. Bernard, 373 F.3d 339, 345 n.7 (3d Cir. 2004)(Emphasis added).  Based on that authority, we are of the view that all of our actions in this case to this point, including the order of December 8, 2006, have been well within our authority.

Hicks cites no authority to support his conclusory statement that "[t]he only lawful sentence under the accepted Plea Agreement is 15 years."  That statement appears be the deduction Hicks draws from his faulty premises, each of which we rejected above.  We are of the view that a stipulation reached by the parties in a criminal case simply does not constitute federal law.  Such a determination is implied in Hicks's statement and it has no merit.

Hicks has failed to show that any conclusion in our order of December 8, 2006, is erroneous or creates any manifest injustice. The precedent set by the Court of Appeals for the Third Circuit establishes that, under the circumstances of this case, we have the authority to reject a sentence to which the parties have stipulated. *See* United States v. Gilchrist, 130 F.3d 1131 (3d Cir.1997), *cert. denied*, 523 U.S. 1023, 118 S. Ct. 1307 (1998)(discussing the issue and citing cases).  That case law convinces us that the relief made available to Hicks in our order of December 8, 2006 (i.e., withdrawal from the plea agreement) is the appropriate remedy.

In light of the period required for us to rule on Hicks's motion for reconsideration, we will extend the deadline by which he may withdraw his guilty plea.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Hicks's motion for reconsideration (Document 43) of our

11

order dated December 8, 2006, is denied.

2.    Hicks may, within 30 days after the date of this order, revoke the plea agreement by filing an election to that effect.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gja